## 2007 ME 35

## In the Matter of Robert M.A. NADEAU.

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 17, 2007.

Decided: March 1, 2007.

Cabanne Howard, Esq., Portland, for Committee of Judicial Responsibility and Disability.

Stephen B. Wade, Esq., Skelton, Taintor & Abbott, P.A., Auburn, for respondent.

Panel: SAUFLEY, C.J., and DANA, CALKINS, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] Following our decision that York County Judge of Probate Robert M.A. Nadeau violated Canon 5(B)(2)(c) of the Code of Judicial Conduct, we have received supplemental briefs from the parties regarding the appropriate sanction to be imposed on Judge Nadeau for the violation. The Court has fully considered the recommendation of the Committee on Judicial Responsibility and Disability as well as the argument and affidavits submitted by Judge Nadeau.

[¶ 2] A portion of the Preamble of the Code of Judicial Conduct guides our determination of the appropriate sanction. Specifically, we are governed by the following:

> Whether disciplinary action is appropriate, and the degree of discipline to be imposed, should be determined through a reasonable and reasoned application of the Code and should depend on such factors as the seriousness of the transgression, whether there is a pattern of improper activity, and the effect of the improper activity upon others or upon the judicial system.

M.Code Jud. Conduct Preamble.

[¶ 3] Looking at the seriousness of the transgression, we conclude that the violation is very serious. Judge Nadeau knowingly misrepresented the contents of a videotape in a political advertisement intended to reach and influence the voters of York County and, in so doing, seriously misrepresented the professional conduct of one of his primary opponents for the office of judge of probate. This knowing falsehood to the public by a judge cannot be tolerated. Furthermore, Judge Nadeau has not fully accepted the wrongful-

ness of his action. His refusal to acknowledge that he acted wrongfully and violated the Code adds to the seriousness of the transgression.[1] *See Matter of Benoit,* 523 A.2d 1381, 1384 (Me.1987).

[¶ 4] With regard to the second factor mentioned in the Code's Preamble, that of the pattern of improper activity, we note that Judge Nadeau has not previously been found to have violated the Code of Judicial Conduct. However, within the past year he has been found to have violated the Code of Professional Responsibility. As a party in a lawsuit brought against him by two former law partners, Judge Nadeau asked the Superior Court to seal the record in that case. When the court refused, he sent a letter to the Superior Court Justice that was "discourteous and degrading." *Bd. of Overseers of the Bar v. Nadeau,* Bar–05–03 (Mar. 2, 2006) (Alexander, J.). Judge Nadeau, acting in the capacity of an attorney, was publicly reprimanded for the violation of M. Bar R. 3.7(e)(2)(vi). *Id.*

[¶ 5] As to the effect of Judge Nadeau's violation of the Code of Judicial Conduct upon others or the judicial system, there is little doubt that it had a serious impact upon the candidate, whose actions Judge Nadeau lied about when he described her in her role as a guardian ad litem. The candidate was not only a candidate for office but is also a practicing attorney in the York County area. We recognize the importance and value of an attorney's reputation and the damage that a public falsehood can have on it. Judge Nadeau won the contested primary election, and it is

possible that the misrepresentation had an impact on the election.

[¶ 6] In imposing the sanction we are also mindful that we do not want to create a hardship to the public by denying the people of York County access to a judge of probate for a substantial length of time. At the same time we want to impose a sanction that will help restore public confidence in the judiciary and provide Judge Nadeau with the tools to ensure that a similar incident will not occur in the future.

[¶ 7] Accordingly, it is appropriate that we publicly censure and reprimand Judge Nadeau so that the public will know that he has, by his conduct, violated the Code. However, because of the seriousness of the matter, a public censure alone is inadequate. A suspension from the office of judge of probate for a period of thirty calendar days is called for, but we will suspend all but seven days of that thirty-day period of suspension provided that Judge Nadeau abides by two conditions. First, because of his acknowledgment in his affidavit that he is suffering from depression, a referral to the Maine Assistance Program and cooperation with MAP is appropriate. Second, we will require Judge Nadeau to participate in a course on judicial ethics, which course is to be approved by the Committee. As long as Judge Nadeau complies with these conditions and furnishes proof to the Committee of his compliance by December 1, 2007, the remainder of the thirty-day suspension from office will be suspended. The suspended period of suspension is appropriate as it takes into consideration a means of

---

1. In his affidavit, Judge Nadeau acknowledges disappointment and embarrassment at the allegations and finding of misconduct, but not disappointment and embarrassment from his actions, stating that he "will forever take with tremendous disappointment and embarrassment, the allegations and finding that I have made misrepresentations." In his affidavit, Judge Nadeau apologizes to the public and the Court "for letting them down," but he does not apologize for his actions. The closest he comes to admitting that he acted wrongfully is to acknowledge that he "exercised poor judgment."

compelling Judge Nadeau to get the assistance he needs as well as minimizing interference with the working of the York County Probate Court. Additionally, Judge Nadeau shall pay to York County a forfeiture of $1000.

The entry is:

It is ORDERED that Judge Nadeau be, and hereby is, censured for the violation of Canon 5(B)(2)(c) of the Code of Judicial Conduct. It is further ORDERED that Judge Nadeau is suspended from the performance of his duties as a judge of the York County Probate Court for a period of thirty days. It is finally ORDERED that the first seven days of the suspension from office take place on May 6 through May 12, 2007. The remainder of the thirty-day suspension is suspended on the following conditions: (1) Judge Nadeau shall refer himself to the Maine Assistance Program and cooperate with MAP; and (2) Judge Nadeau shall participate in a judicial ethics course to be approved by the Committee. Judge Nadeau shall furnish proof of his compliance with these conditions to the Committee by December 1, 2007. If Judge Nadeau does not comply with the conditions, the Committee shall so inform this Court, and we will set the dates for the remainder of his suspension from office. Furthermore, Judge Nadeau shall forfeit to York County the sum of $1000 to be paid on or before May 4, 2007.